The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose if initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| 3M COMPANY. | TECNICAM, S.R.L a/k/a CAM, TECNICAM, INC., and CAMPAK, INC. |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  ESSEX |
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
| Michael J. Quinn, Esquire - NJ Lic. No. 021491990<br>Donna M. Candelora, Esquire - NJ Lic. No. 040272000<br>Lavin, Cedrone, Graver, Boyd & DiSipio<br>1300 Route 73, Suite 307<br>Mt. Laurel, NJ  08054<br>(856) 778-5544 (phone)<br>(856) 778-7408 (fax)<br>*Attorney for Plaintiff, 3M Company* | |

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 442 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (139ff) | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Tile XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Arts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 520 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 550 Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | | ☐ 890 Other Statutory Actions |

**V. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing. **Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. 1332
Brief description of cause: Breach of Contract by Defendants TECNICAM, S.R.L a/k/a CAM, TECNICAM, INC., and CAMPAK, INC.

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23  **DEMAND $** 157,426  Check YES only if demanded in complaint: **JURY DEMAND** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____  DOCKET NUMBER _____

DATE ___April 8, 2020_____  SIGNATURE OF ATTORNEY OF RECORD  */s/*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT  1020518

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 3M COMPANY<br>3M Center<br>St. Paul, Minnesota, 55144<br><br>Plaintiff,<br><br>v.<br><br>TECNICAM, S.R.L a/k/a CAM<br>119 Naylon Avenue<br>Livingston, NJ 07309<br><br>and<br><br>TECNICAM, INC.<br>119 Naylon Avenue<br>Livingston, NJ 07309<br><br>and<br><br>CAMPAK, INC.<br>119 Naylon Avenue<br>Livingston, NJ 07309<br><br>Defendants. | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Case No.:** |

## **PLAINTIFF'S COMPLAINT**

Plaintiff, 3M Company. ("3M") brings this Complaint against Tecnicam, S.r.l./CAM, Tecnicam, Inc., and Campak, Inc. (collectively "Defendants"), stating as follows:

## **PARTIES**

1. 3M is a Delaware corporation, with principal place of business in St. Paul, Minnesota.

2. Tecnicam, S.r.l., a/k/a CAM, ("CAM") is a multi-national business entity engaged in the business of designing and manufacturing automatic packaging machines with offices located at 119 Naylon Avenue, Livingston, New Jersey 07039.

3. Tecnicam, Inc. ("Tecnicam") is a corporation organized and existing under New Jersey law, which regularly conducts business in New Jersey with a registered agent and office located at 119 Naylon Avenue, Livingston, New Jersey 07039.

4. Campak, Inc. ("Campak") is a corporation organized and existing under New Jersey law, which regularly conducts business in New Jersey with a registered agent and office located at 119 Naylon Avenue, Livingston, New Jersey 07039.

5. Tecnicam, S.r.l./CAM, Tecnicam, Inc. and Campak, Inc. are referred to herein collectively as the "Defendants."

## JURISDICTION AND VENUE

6. Federal jurisdiction exists pursuant to 28 U.S.C. §1332, because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Venue is proper in the District of New Jersey because a substantial part of the events or omissions on which the claims are based occurred in the District of New Jersey.

## FACTS

8. On June 30, 2017, 3M placed a Purchase Order with Campak Sales Manager, Brian Oliver, at Defendants' office located in Livingston, New Jersey, for custom built, specialized packaging equipment consisting of a CAM Model RT Overwrapper and SMA80 Case Packer (collectively "Equipment"). The proposed cost of the Equipment was $524,752.

9. On August 16, 2017, 3M suspended the June 2017 Purchase Order due to capital spending constraints.

10. In mid-December, Defendants informed 3M that due to price increases they would have to re-quote the cost of the Equipment. Defendants submitted a revised quote for the Equipment. (12/14/2017 Letter and Revised Budgetary Quote from Brian Oliver to George Louis, attached hereto as **Exhibit A**).

11. Upon acceptance of the revised quote and agreed upon delivery date of October 2018, 3M released the Purchase Order for the Equipment to Defendants and provided Defendants with a down-payment of $157,426 on the Equipment.

12. 3M's Purchase Order Terms specifically stated that "TIME IS OF THE ESSENCE FOR ALL ORDERS." (3M Purchase Order Terms, attached hereto a**s Exhibit B,** Section 2). The Purchase Order Terms further stated that

> "[i]f Seller fails to comply with all of an Order's Terms or admits its inability to meet its financial obligations, or **it otherwise becomes apparent that Seller will not be able to fulfill its obligations under that Order due to Unavoidable Delay or other cause,** then 3M may cancel an Order at any time by electronic or written notice to Seller without any liability of any kind to Seller, in addition to any other legal or equitable remedies 3M may have. *Id.*, Section 4.2 (emphasis added).

13. Following submission of the Purchase Order, 3M requested a "kick-off" meeting with Defendants to review the Equipment design and discuss the project schedule.

14. On February 6, 2018, Defendants provided 3M with a generic layout for the Equipment and, even though Defendants requested clarification from 3M on the Equipment specifications, Defendants did not schedule any meeting with 3M.

15. Eventually, a "kick-off" meeting with Defendants was scheduled for February 21, 2018. Margherita Vittuari, Defendants' Project Manager in Italy, was scheduled to attend via

3

Skype. On the day of the scheduled conference, Ms. Vittuari contended she was unable to connect with the conference call and consequently did not attend. Thus, 3M was unable to obtain any significant information and the meeting failed to advance the project.

16. Subsequent attempts by 3M between February 2018 and May 2018 to schedule a "kick-off" meeting or otherwise meet with Ms. Vittuari to review the Equipment design also failed. Despite 3M's repeated requests, Defendants never provided 3M with any mechanical design drawings or a schedule for completion of the Equipment.

17. In late May 2018, 3M again attempted a meeting with Defendants, this time by cell phone, in accord with Defendants' request. Again, Ms. Vittuari, did not appear at the meeting, nor did Defendants provide 3M with the requested design drawings for the Equipment.

18. In early July 2018, although Defendants submitted electrical drawings to 3M, full mechanical drawings and a schedule for completion were not provided.

19. By mid-October 2018, the expected month of delivery, 3M had yet to be provided with the mechanical specifications for the Equipment or any schedule for its completion, despite 3M's repeated attempts to communicate with Defendants regarding their progress.

20. Due to Defendants' persistent failure to communicate with 3M regarding the most basic information on the project's progress, on October 16, 2018, 3M notified Defendants in writing that it intended to cancel the order for cause on October 26, 2018, and request a full refund of all monies paid to Defendants, unless Defendants provided 3M with updated drawings of the Equipment and video of the Equipment in its current state, by October 23, 2018.

21. On October 16, 2018, Defendants confirmed receipt of the cancellation notice and informed 3M that the new Project Manager, Antonio Ippolito, who had replaced Ms. Vittuari, had been contacted regarding the issues with the project.

22. On October 17, 2018, 3M again notified Defendants of its intention to cancel the project for lack of progress and request a full refund, if Defendants failed to provide photo and video evidence of the Equipment in a near completed state by October 23, 2018.

23. A teleconference between 3M and Defendants, including Mr. Ippolito, was conducted on October 24, 2018. During the meeting, Defendants agreed to provide 3M with an updated layout and a video detailing the design and operation of the Equipment. Defendants further agreed to provide regular updates via e-mail, as well as to conduct weekly meetings with 3M to discuss the Equipment status and prevent further delays.

24. Defendants thereafter provided 3M with a video simulation of the Equipment, rather than an actual video of the Equipment in operation, as requested. In early November 2018, 3M requested that its engineers be permitted to visit Defendants' facility in Italy to view the Equipment. Although Defendants acknowledged 3M's request for an on-site visit, 3M never received approval for the visit and was unable to confirm the state of the Equipment's completion.

25. A teleconference between 3M and Defendants held mid-December 2018 actually revealed that no progress had been made on the Equipment since the October 2018 meeting and that Defendants would not be able to deliver the Equipment until March 2019.

26. In late January 2019, Defendants notified 3M of yet another delay, informing 3M that it would not be able to deliver the Equipment until July 2019.

27. On February 26, 2019, 3M sent Defendants a Notice canceling the Purchase Order for cause, "for failure to make progress or deliver" the Equipment. 3M additionally requested a full refund of the $157,426 down-payment by no later than March 29, 2019.

28. To date, Defendants have failed to refund 3M's down-payment of $157,426.

5

29.     3M has given Defendants fair notice of its cancellation for cause based on Defendants breach of the terms of the Purchase Order by failing to timely deliver the Equipment.

30.     3M has suffered harm as a result of Defendants' failure to deliver the Equipment in a timely manner, including but not limited to its down-payment paid to Defendants in the amount of $157,426.

## COUNT I – BREACH OF CONTRACT

31.     Plaintiff 3M incorporates by reference the allegations set forth in paragraphs 1 to 30.

32.     Defendants breached the terms of the Purchase Order by failing to timely deliver the Equipment to 3M and/or by making it apparent that they were otherwise unable to fulfill their obligations due to unavoidable delay.

33.     As discussed above, Defendants repeatedly failed to communicate with 3M regarding their progress or otherwise move the project forward.  Because the Equipment is specialized, custom designed machinery, Defendants' interaction and communication with 3M was vital to advance the project to completion in a timely manner.  Defendants' repeated delays and subsequent failure to deliver the Equipment in a timely manner is a clear breach of the Purchase Order Terms which specifically state that "TIME IS OF THE ESSENCE FOR ALL ORDERS." *See* Exhibit B.

34.     Defendants' breach entitles 3M to a full return of the $157,426 paid to Defendants as a down-payment for the Equipment.

35.     As a direct result of the breach alleged herein, 3M has suffered monetary damages, including but not limited to, the down-payment of $157,426.

6

WHEREFORE, Plaintiff 3M demands judgment against Defendants on Count I for <u>the sum certain of $157,426</u>, together with interest, costs of suit and such other relief as the Court deems just and proper.

### COUNT II – BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36. Plaintiff 3M incorporates by reference the allegations set forth in paragraphs 1 to 35.

37. Defendants breached the implied covenant of good faith and fair dealing under the Purchase Order by failing to provide the Equipment in accordance with the terms and conditions of the Purchase Order.

38. Defendants breached the implied covenant of good faith and fair dealing because they failed to timely deliver the Equipment and/or by making it apparent that they were otherwise unable to fulfill their obligations due to unavoidable delay.

39. As a direct result of Defendants' breach of the implied covenant of good faith and fair dealing, 3M has suffered monetary damages, including but not limited to, the down-payment of $157,426.

WHEREFORE, Plaintiff 3M demands judgment against Defendants on Count II for <u>the sum certain of $157,426</u>, together with interest, costs of suit and such other relief as the Court deems just.

### COUNT III – UNJUST ENRICHMENT

40. Plaintiff 3M incorporates by reference the allegations set forth in paragraphs 1 to 39.

41. In reliance on Defendants' conduct and representations, including the Purchase Order alleged herein, 3M conferred benefits on Defendants.

42. 3M conferred the benefits with a reasonable expectation that Defendants would timely provide 3M with the ordered Equipment.

43. 3M is entitled to disgorgement of the benefit and enrichment of the down-payment of $157,426 that Defendants have unjustly received and retained.

WHEREFORE, Plaintiff 3M demands judgment against Defendants on Count III for value of benefits conferred, together with interest, costs of suit and such other relief as the Court deems just.

## COUNT IV – FRAUD

44. Plaintiff 3M incorporates by reference the allegations set forth in paragraphs 1 to 43.

45. Defendants, either individually , jointly and/or severally, knowingly made material misrepresentations regarding the progress of the Equipment with the intent to deceive 3M.

46. At the time 3M placed the Purchase Order and provided the down-payment, it had no reason to know that Defendants had no intention of completing the Equipment by the agreed upon date and was otherwise reasonable in relying on information provided by Defendants.

47. As set forth above, Defendants intentionally and repeatedly misrepresented and/or concealed the status of the Equipment to 3M, despite knowing that the Equipment would not be completed by the agreed upon date of delivery.

48. Relying on the false information and misrepresentations made by Defendants, 3M was induced to provide Defendants with a significant down-payment of $157,426.

49. 3M has suffered harm and damages, including but not limited to its down-payment of $157,426, as a result of Defendants intentional misrepresentations regarding their ability to provide the Equipment in a timely manner.

WHEREFORE, Plaintiff 3M demands judgment against Defendants on Count IV for <u>the sum certain of $157,426</u>, together with interest, costs of suit and such other relief, including punitive damages, as the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff 3M hereby demands a trial by jury on all counts and as to all issues.

Respectfully submitted,

**LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO**

BY:       /s/
      Michael J. Quinn, Esquire
      (NJ Lic. No. 021491990)
      Donna M. Candelora, Esquire
      (NJ Lic. No. 040272000)
      1300 Route 73, Suite 307
      Mount Laurel, NJ  08054
      Tel No.:  (856) 778-5544
      Fax No.: (856) 778-7408

*Attorneys for Plaintiff, 3M Company*

Dated:  April 8, 2020